**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DAVID N. KATING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-08-1390-M |
| | ) | |
| ASTELLAS PHARMA TECHNOLOGIES, INC., and RONNIE IGO, an individual, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is defendant Astellas Pharma Technologies, Inc.'s ("Astellas") Motion to Dismiss, filed January 26, 2009. On February 13, 2009, plaintiff filed his response. On February 24, 2009, Astellas filed its reply, and on March 20, 2009, plaintiff filed his surreply. Based upon the parties' submissions, the Court makes its determination.

The instant action arises out of plaintiff's employment with Astellas. Specifically, plaintiff asserts claims for sexual harassment, sexually hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964. Astellas now moves this Court to dismiss plaintiff's Complaint for lack of subject matter jurisdiction.

Astellas contends that because the Equal Employment Opportunity Commission ("EEOC") never provided Astellas with a perfected Charge of Discrimination or an option to respond or select mediation, this Court should dismiss this action and remand the matter to the EEOC, with instructions to mediate the allegations and claims by plaintiff.[1] "[I]t is the EEOC's, not the plaintiff's, duty to provide the charged party with notice within ten days after a charge is filed, *see*

---

[1] Astellas does not dispute that plaintiff timely filed a perfected charge of discrimination with the EEOC or that he received statutory notice of his right to sue.

29 C.F.R. § 1601.14(a); a plaintiff should not be penalized for the EEOC's negligence in handling a charge. *See Wilkerson*, 270 F.3d at 1321 ('[A]ny deficiency in the EEOC's performance of its duties should not adversely affect a plaintiff's right to sue.' (alteration in original) (quotation omitted))." *Jones v. United Parcel Serv., Inc.*, 502 F.3d 1176, 1185 (10th Cir. 2007). Accordingly, the Court finds that this action should not be dismissed based upon the EEOC's failure to perform its statutory duty.

In its motion, Astellas also contends this action should be dismissed based upon plaintiff's failure to act in good faith. Specifically, Astellas contends the fact that plaintiff declined Astellas' request for an interview evidences plaintiff's lack of good faith in his efforts to exhaust his administrative remedies. While a plaintiff is required to cooperate in good faith with the EEOC, *see Shikles v. Sprint/United Mgmt Co.*, 426 F.3d 1304, 1311 (10th Cir. 2005), there is no requirement for a plaintiff to cooperate with the defendant in order to exhaust his administrative remedies prior to filing suit. Accordingly, the Court finds that this action should not be dismissed based upon any alleged failure of plaintiff to cooperate with Astellas prior to this action being filed.

Therefore, for the reasons set forth above, the Court DENIES Astellas' Motion to Dismiss [docket no. 8].

**IT IS SO ORDERED this 31st day of July, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE