# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID N. KATING, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. CIV-08-1390-M |
| ASTELLAS PHARMA TECHNOLOGIES, INC., and RONNIE IGO, an individual, | ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is defendant Ronnie Igo's ("Igo") Motion to Dismiss, filed June 22, 2009. On July 8, 2009, plaintiff filed his response.

On December 30, 2008, plaintiff filed the instant action, based on claims arising out of his employment with defendant Astellas Pharma Technologies, Inc. As part of his Complaint, plaintiff asserts a cause of action for assault against Igo, one of his co-workers. Igo now moves to dismiss this cause of action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

The United States Supreme Court has recently held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (internal quotations and citations omitted). Finally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 1949 (internal quotations and citations omitted).

In order to establish his claim of assault against Igo, plaintiff must establish the following: (1) Igo acted either with the intent of making a harmful/offensive contact with plaintiff's person or with the intent of putting plaintiff in apprehension of such a contact; and (2) plaintiff was placed in apprehension of an immediate harmful/offensive contact with his person by the conduct of Igo; or plaintiff was caused to suffer fright and terror. *See* OUJI-Civ No. 19.1. Having carefully reviewed the Complaint, the Court finds that plaintiff has set forth sufficient factual matter, accepted as true, to state a claim of assault against Igo that is plausible on its face. Specifically, the Court finds the Complaint contains sufficient allegations indicating that Igo acted either with the intent of making a harmful/offensive contact with plaintiff's person or with the intent of putting plaintiff in apprehension of such a contact and that plaintiff was placed in apprehension of an immediate harmful/offensive contact with his person by Igo's conduct or was caused to suffer fright and terror.

Accordingly, the Court DENIES Igo's Motion to Dismiss [docket no. 19].

**IT IS SO ORDERED this 11th day of January, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE